IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH ARNOLD, 354099,        )
     Petitioner,             )
                              )
        v.                 ) 2:10-cv-539
                              )
SUPERINTENDENT CURLEY, et al.,   )
     Respondents.           )

MEMORANDUM and ORDER

MITCHELL, M.J.

Kenneth Arnold has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Arnold is presently incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan serving two consecutive life sentences following his conviction, by a jury, of two counts of first degree murder in the Court of Common Pleas of Allegheny County, Pennsylvania, at No. 02-CR-9040-2001. This sentence was imposed on September 21, 2004.[1]

An timely appeal was taken to the Superior Court and on April 30, 2007, the judgment of sentence was affirmed.[2] A petition for allowance of appeal was filed and on December 14, 2007, leave to appeal was denied.[3]

---

[1] See: Petition at §§ 1-6.

[2] See: Exhibit 23 to the answer.

[3] See: Exhibit 26 to the answer of the Commonwealth.

On May 30, 2008 a post-conviction petition was filed in the Court of Common Pleas.[4] On

March 31, 2009, the petition was dismissed.[5] No appellate relief was sought.[6]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

© the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the Pennsylvania Superior Court affirmed the judgment of sentence on

April 30, 2007 and leave to appeal to the Pennsylvania Supreme Court was denied on December

14, 2007. In Kapral v. United States, 166 F.3d 565 (3d Cir.1999), the Court noted that in the

absence of the filing of a petition for discretionary review, the judgment becomes final when the

time period in which to seek that review expires. Thus, because the petitioner did not file a

petition for certiorari in the United States Supreme Court, his conviction became final on

---

[4] See: Exhibit 1 to the answer at p.20.

[5] See: Exhibit 31 to the answer.

[6] See: Exhibit 1 to the answer at p.21.

March 13, 2008. The effective date of the Antiterrorism and Effective Death Penalty Act which

imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The

petitioner filed a post-conviction petition on May 30, 2008,  relief was denied on March 31, 2009

and no further relief was sought in the courts of the Commonwealth. The instant petition,

although not dated, was received in this Court on April 28, 2010. Thus a period of well over a

year elapsed from the time Arnold's conviction became final and the filing of his post-conviction

petition, and the time from the denial of post-conviction relief and his filing here.[7] For this

reason, his petition here is time barred and subject to dismissal. Additionally, because reasonable

jurists could not conclude that a basis for appeal exists, a certificate of appealability will be

denied.

        An appropriate Order will be entered.

---

[7] We note that although petitioner did not file an appeal from the denial of post-conviction relief, he is entitled to court the thirty days in which he could have done so, Pa.R.App.P.903 as subject to the tolling requirement. Swartz. V. Meyers, 304 F.3d 417, 420 (3d Cir.2000)

ORDER

AND NOW, this 16th day of June 2010, for the reasons set forth in the foregoing Memorandum, the petition of Kenneth Arnold for a writ of habeas corpus is dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.


                                    s/ Robert C. Mitchell
                                    United States Magistrate Judge